UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-730 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DANA JACKSON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Dana Jackson ("Jackson") for release pending disposition. (Doc. No. 20 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 21 ["Opp'n"].) For the reasons that follow, Jackson's motion is DENIED.

## I. BACKGROUND

On November 20, 2019, an indictment issued charging Jackson with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1 [Indictment].) On December 9, 2019, Jackson waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142(e) and (i), but reserved "the right to revisit the issue of detention at a later date should circumstances change." (Doc. No. 7 (Waiver/Order of Detention ["Waiver"]) at 29.)

On February 3, 2020, Jackson entered a plea of guilty to the charge in the indictment. (2-3-2020 Minutes; Doc. No. 15 [R&R]; Doc. No. 17 [Order Adopting R&R and Accepting Guilty

Plea]; Doc. No. 18 [Plea Agreement].) As part of his plea agreement, Jackson stipulated that, on the day of his arrest in connection with the charged offense, Cleveland Police attempted to conduct a traffic stop of Jackson on a motorcycle. He fled at a high rate of speed and later crashed into a police car. Jackson subsequently attempted to flee on foot and was ultimately apprehended. (Plea Agreement at 103-04.) Jackson is currently detained at the Northeast Ohio Correctional Center ("NEOCC") and is scheduled to be sentenced on May 21, 2020.

## II. DISCUSSION

On April 6, 2020, Jackson filed the present motion in which he seeks release on bond pending sentencing due to the current health crisis surrounding the COVID-19 pandemic. He posits that the "circumstances that existed when [d]efendant was ordered detained have now changed. There is a pandemic that poses a direct risk that is far greater if [d]efendant continues to be detained during this public health crisis. The [d]efendant is vulnerable because he is asthmatic as identified in paragraph 70 of the first PSR release." (Mot. at 140.)

In support of his motion, Jackson cites the Bail Reform Act, 18 U.S.C. § 3142(i), but "that provision applies only to a person seeking release pending trial." *United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (rejecting the applicability of 18 U.S.C. § 3142(i) for prisoner awaiting sentencing). Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., id.* (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143); *see also United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (finding that § 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19). Accordingly, Jackson's request is properly evaluated under §

3143.

Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of a qualifying offense, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person and the community." 18 U.S.C. § 3143(a)(2). Here, Jackson was subject to mandatory detention, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See generally* Plea Agreement.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Jackson is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 may present a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States*

*v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release); *but see United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19—notwithstanding defendant's asthma, high blood pressure, and diabetes—where defendant posed a risk to others on supervised release). But even assuming that Jackson's asthma places him at a higher risk for contracting the COVID-19 virus, the Court finds that Jackson is not entitled to temporary release.

As set forth in the government's response, U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19. These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (Opp'n at 145-47) Jackson's institution has also taken several safety following measures to stop the spread of the virus. (*Id*. at 147-49.) Jackson has not alleged that he has contracted the virus, that he has exhibited any symptoms of the virus, or even that he has been exposed to anyone who has the virus. While the Court is sympathetic to Jackson's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19); *see also United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (noting that "it is a rare case in which health conditions present an 'exceptional reason'" to

allow release where otherwise detention would be warranted).

Additionally, given the following: (1) the nature of the charged offense; (2) the fact that Jackson attempted to flee when confronted by police; and (3) his prior criminal history, which includes multiple assault convictions, the Court is compelled to find that Jackson is a flight risk and poses a danger to others and the community. (Opp'n at 144; Doc. No. 19 [Presentence Investigative Report (First) ("PSR")] at 114-124.) Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

Finally, given Jackson's criminal history, his history of substance abuse, and his history of parole and supervised release violations,[1] the Court is far from convinced that he would remain compliant on temporary release. (*See* PSR at 129.) "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *7 (D. Kan. Mar. 25, 2020). Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., Martin*, 2020 WL 1274857, at *4 (denying request for release due to COVID-19—notwithstanding defendant's asthma, high blood pressure, and diabetes—noting that location monitoring puts pretrial services officers at

---

[1] On July 3, 2019, a supervised release violation hearing was held where Jackson's motion for bond was denied and the hearing was held in abeyance pending the outcome of his state criminal cases. (7-3-2019 Minutes.) On December 11, 2019, a Superseding Release Violation Report was issued that alleged the same new law violations in state court through May and June of 2019, and also included the federal indictment in the instant case.

risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

### III. CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the government's response opposing the motion, Jackson's motion for release pending disposition is DENIED.

**IT IS SO ORDERED**.

Dated: April 16, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**